# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| D.C. Riggot, Inc., | Civil No. 14-1063 (DWF/BRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Estate of Robert W. Kearns, | |
| Defendant. | |

Joshua N. Brekken, Esq., Christopher D. Johnson, Esq., and David K. Snyder, Esq., Johnson & Turner, counsel for Plaintiff.

Matthew S. Greenstein, Esq., Marvin A. Liszt, Esq., and Jack E. Pierce, Esq., Bernick Lifson, PA, counsel for Defendant.

## INTRODUCTION

This matter is before the Court on Defendant Estate of Robert W. Kearns's Motion for an Opportunity to Respond to Plaintiff's Motion. (Doc. No. 35.) For the reasons set forth below, the Court denies Defendant's motion.

## BACKGROUND

On April 2, 2014, Plaintiff commenced this action against Defendant in Washington County District Court, Minnesota. (Doc. No. 1, Ex. 1.) On April 11, 2014, Defendant removed the Washington County action to the United States District Court for the District of Minnesota. (Doc. No. 1.) On April 18, 2014, Defendant filed its answer and counterclaim to Plaintiff's Complaint. (Doc. No. 3.)

On June 9, 2014, Magistrate Judge Leo I. Brisbois held the Pretrial Conference in this case. (Doc. No. 8.) One June 19, 2014, the Court issued a Pretrial Scheduling Order. (Doc. No. 9.) In the Pretrial Scheduling Order, the Court stated that "[t]he period during which the parties must conduct all discovery (whether fact or expert) shall terminate on November 30, 2014," and "[e]ach party's disclosure . . . shall be accompanied by a written report prepared and signed by the expert witness." (*Id.* at 1-4.)

On June 30, 2014, Defendant filed its initial disclosures pursuant to Federal Rule of Civil Procedure Rule 26(a)(1). (Doc. No. 31, Ex. A.) On September 15, 2014, Plaintiff served interrogatories on Defendant. (Doc. No. 31, Ex. B.) Defendant filed its response and supplemental response to those interrogatories on October 15 and November 12, 2014, respectively. (Doc. No. 31, Ex. C, D.) On October 20, 2014, Defendant produced its expert disclosure pursuant to Rule 26(a)(2)(B), identifying John Lingenfelter as an expert witness, but did not produce an expert report with its disclosure. (Doc. No. 31, Ex. G.)

On December 2, 2014, Plaintiff filed a Motion to Compel and to Amend the Scheduling Order to Extend the Deadline for Discovery. (Doc. No. 11.) On December 17, 2014, the Court held a hearing on that motion. (Doc. No. 21.) The Court granted in part and denied in part Plaintiff's motion, amending the Pretrial Scheduling Order to extend the discovery deadline to January 15, 2015, and to extend the deadline for dispositive motions to March 15, 2015. (Doc. No. 22.)

On March 6, 2015, counsel for Plaintiff filed a Meet-and-Confer Statement, asserting that he had met with counsel for Defendant by telephone on March 2, 2015, and

2

had explained that he "believed it would be necessary and appropriate to bring a motion for summary judgment because [he] did not believe the Defendant had produced any explication of its damages, any explication of how it calculated its damages or given . . . Plaintiff[] any explanation of its damages case with any level of particularity." (Doc. No. 32.)  In the Meet-and-Confer Statement, counsel for Plaintiff further asserted that Defendant's counsel said that "he understood that [Plaintiff] would otherwise be bringing a motion and that he was 'trying' to find a flight to bring his 'damages expert,' Mr. Lingenfelter, to Minnesota to 'review blueprints' and that he had nothing further to offer at this time." (*Id.*)

That same day, Plaintiff filed a Motion for Summary Judgment, or to Preclude Defendant from Introducing Evidence and for Exclusion of Defendant's Expert.  (Doc. No. 27).  In the motion, Plaintiff requests that the Court grant its motion for summary judgment, or alternatively, that the Court:  (a) preclude Defendant from introducing any further evidence pertaining to damages or valuation of the stained-glass windows; (b) exclude Defendant's expert for failure to comply with Rule 26(a)(2)(B); (c) exclude Defendant's expert under Rule 702; (d) grant further relief as the Court deems just and necessary; and (e) award attorney fees, costs, and disbursements.  (*See id*. at 1.)

Defendant did not file a response to Plaintiff's motion.  (*See generally* docket.) On April 8, 2015, Plaintiff filed a Reply Memorandum of Law in Support of Motion for Summary Judgment.  (Doc. No. 34.)

Defendant now moves for an opportunity to respond to Plaintiff's motion.  (Doc. No. 35.)

3

## DISCUSSION

Defendant moves for an opportunity to respond to Plaintiff's motion pursuant to Rule 56(e) of the Federal Rules of Civil Procedure. In his Declaration in Support of Defendant's Motion, counsel for Defendant "request[s] the Court allow defendant the opportunity to prepare and submit for filing a written response to plaintiff's Motion" and asserts that, "[w]hile obviously the delay caused by granting such a request would slightly delay a ruling on plaintiff's Motion, it would not result in undue prejudice to the plaintiff." (Doc. No. 37 at 2.)

The Court concludes that, based on the events that have occurred in this case, including Defendant's failure to respond to Plaintiff's motion, and Defendant's failure to respond completely to Defendant's discovery requests and to comply with the Court's Pretrial Scheduling Order, Defendant's motion is unjustified.

First, the Court finds that Defendant's request is untimely under Local Rule 7.1(c)(2). Local Rule 7.1(c)(2) requires that all responses to dispositive motions be filed within 21 days after the filing of a dispositive motion. D.Minn. LR 7.1(c)(2).

Here, Defendant has failed to respond to Plaintiff's dispositive motion in accordance with the Local Rules. To the extent that Defendant's counsel suggests that he "learned of the existence of the motion" on April 10, 2015 (Doc. No. 37 at 1), the Court finds this explanation unavailing. Defendant received notice that Plaintiff intended to file a dispositive motion during the March 2, 2015 Meet-and-Confer telephone conference with opposing counsel, and Plaintiff filed the dispositive motion four days later, on March 6, 2015.

However, regardless of the reason why Defendant has failed to comply with the Local Rules, the Court finds that Defendant's April 14, 2015 motion, filed almost a month after Plaintiff filed its motion on March 6, 2015, and a mere three days before the Court's April 17, 2015 hearing on Plaintiff's motion, is without good cause.  As such, the Court denies Defendant's motion and shall consider Plaintiff's motion without a hearing in accordance with the Local Rules.  *See* D.Minn. LR 7.1(g)(1).  In addition, the Court reserves the right to award attorney fees to Plaintiff's counsel pursuant to Local Rule 7.1(g)(4).

Moreover, even if Defendant had filed a response to Plaintiff's motion in accordance with the Local Rules, or had subsequently filed a timely request to respond to Plaintiff's motion, the Court finds that Defendant could not overcome its failure to comply with Rule 26 of the Federal Rules of Civil Procedure and the Court's Pretrial Scheduling Order.  Rule 26 provides that,"[u]nless otherwise stipulated or ordered by the court, [an expert witness] disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case," and the report must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them."  Fed. R. Civ. P. 26(a)(2)(B).  The Court's Pretrial Scheduling Order's provisions regarding expert disclosures nearly mirror the requirements of Rule 26, providing that "disclosure[s] shall be accompanied by a written report and signed by the expert witness."  (Doc. No. 9 at 3-4.)

Here, Defendant did not produce an expert report with its disclosure of John Lingenfelter as an expert witness as required by Rule 26 and the Court's Pretrial Scheduling Order. In its October 20, 2014 Expert Disclosure, Defendant states that, in response to Plaintiff's request for "disclosure of a complete statement of all opinions to be expressed and the basis therefor," that "[i]t is believed Mr. Lingenfelter will testify that the value of the windows and the Kearns Estate approximate $2,200 per square foot." (Doc. No. 31, Ex. G. ¶ d.) Defendant has not filed an updated or amended Expert Disclosure with respect to Mr. Lingenfelter, and discovery is now closed. In addition, Defendant has not offered any explanation or justification for its failure to disclose.

The Court concludes that, in light of Defendant's clear violations of discovery rules and the Court's Pretrial Scheduling Order, exclusion of Defendant's expert, Mr. Lingenfelter, is warranted. *See* Fed. R. Civ. P. 37(c)(1) (stating that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless"). Therefore, the Court excludes Mr. Lingenfelter as an expert witness, absent further Order of the Court.

**ORDER**

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Estate of Robert W. Kearns's Motion for an Opportunity to Respond to Plaintiff's Motion (Doc. No. [35]) is **DENIED**.

2.     The Court will consider Plaintiff's Motion for Summary Judgment, to Preclude Defendant from Introducing Evidence and for Exclusion of Defendant's Expert (Doc. No. [27]) without a hearing.

3.     Pending the Court's decision, the parties shall engage in settlement negotiations to resolve this matter.  Counsel should be aware that, upon receipt of this order, Magistrate Judge Becky R. Thorson will schedule a settlement conference.

4.     The Court reserves the right to award reasonable attorney fees to Plaintiff in accordance with Local Rule 7.1(g)(4).

5.     Absent further order of the Court, the Court will preclude Defendant's expert, Mr. Lingenfelter, on the basis of Defendant's improper disclosure.


Dated:  April 15, 2015         s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge